NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1233
_____

PAUL ALKINS,
                            Appellant

v.

THE BOEING COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-00763)
District Judge:  Hon. Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2020

Before:   SMITH, *Chief Judge*, McKEE, and JORDAN, *Circuit Judges.*

(Filed September 23, 2020)
_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Paul Alkins was fired from his job as a helicopter mechanic for The Boeing Company ("Boeing") when he did not return to work after a period of leave. He then sued the company for violating the Family and Medical Leave Act ("FMLA"), claiming that Boeing interfered with his rights under the FMLA and retaliated against him for exercising those rights. We disagree, as did the District Court, and so will affirm.

## I. BACKGROUND

Alkins went to work for Boeing in 2007. In 2012, struggles with drug addiction and various mental illnesses, including depression, began to affect his work performance, resulting in many infractions of Boeing's attendance policies. After receiving written and verbal warnings, Boeing fired Alkins on October 13, 2016 for violating those policies. Nevertheless, the company placed Alkins's discharge in abeyance six days later, after he agreed to complete a substance abuse treatment program and submit to alcohol testing at work for a three-year period. To begin that treatment program, Alkins was placed on FMLA leave beginning October 20, 2016.

When Alkins came back to work on November 18, 2016, he signed a "Last Chance Agreement" with Boeing, under which he agreed that he would be immediately terminated if he had two attendance infractions before September 18, 2017. (App. at 116, 237.) The Last Chance Agreement required Alkins to work regularly, to arrive on time, to call in and report absences and late arrivals, and to submit FMLA paperwork as needed.

2

When he returned to work, Alkins also participated in a "Rehab After Work" program, where he received counseling for his substance abuse problem. (App. at 113.) On January 19, 2017, apparently as a consequence of that problem, as well as mental health concerns and a recent family trauma that Alkins suffered, his counselor told him that he was unfit for duty. Accordingly, Alkins requested FMLA leave to begin the next day, January 20, 2017. Upon receiving that request, the third-party administrator of Boeing's FMLA leave program, The Reed Group ("Reed"), acknowledged Alkins's request and sent him the appropriate documents to fill out to complete his application. He did not return the required documents, but Reed approved his leave anyway. Reed informed Alkins that his FMLA leave would expire on February 19, 2017 and that he was expected to return to work on February 20, 2017. Alkins subsequently received several further notifications from Reed informing him when he was expected to return to work.

Despite that, Alkins did not return to work on February 20, or any day thereafter. Nor did he call in his absences, as he was required to do by the Last Chance Agreement. On February 22, 2017, the third day after Alkins was supposed to return to work, Boeing called Reed to confirm that Alkins had not asked for an extension of leave. Reed confirmed that he had not. The next day, Boeing sent a courier to Alkins's home to inform him that, because of his attendance infractions, his employment was terminated.

That same day, Alkins's union representative came to his house, and together, they called Reed to express concerns about his termination. At that point, Alkins requested an extension of his leave. On March 10, 2017, Reed approved the extension through March 26, 2017, but Alkins was no longer employed when that approval was given.

3

When it was clear he was truly terminated this time, Alkins filed a complaint against Boeing under the FMLA, 29 U.S.C. § 2601 *et seq.*, alleging interference with FMLA rights and retaliation.  In due course, Boeing filed a motion for summary judgment, which the District Court granted.  *Alkins v. The Boeing Co.*, No. 19-763, 2020 WL 42753 (E.D. Pa. Jan. 2, 2020).

Alkins has timely appealed.

## II.    DISCUSSION[1]

Alkins says that Boeing interfered with his FMLA leave when it fired him on February 23, 2017.  He further argues that his termination was in retaliation for taking FMLA leave.  In response, Boeing says that it had no notice of his intention to extend his FMLA leave when it fired him, so it could not have knowingly interfered with his FMLA rights.  It also maintains that the firing was based on Alkins's violation of the Last Chance Agreement.

### A.    Interference

To succeed on his interference claim under the FMLA, Alkins must prove that (1) he is eligible for FMLA benefits; (2) Boeing is subject to the FMLA; "(3) [he] was entitled to FMLA leave; (4) [he] gave notice to the defendant of his … intention to take FMLA leave; and (5) [he] was denied benefits to which he … was entitled under the

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  "It is well established that we employ a plenary standard in reviewing orders entered on motions for summary judgment, applying the same standard as the district court."  *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014). Here, the parties agree that the first two elements of the test are met. Boeing, however, argues that Alkins was not entitled to FMLA leave because he did not have a serious health condition, and that, even if he did have such a condition, he did not give Boeing notice of his intention to take FMLA leave.

The District Court and Boeing may be correct in saying that Alkins did not have a serious health condition, *see Alkins*, 2020 WL 42735, at *4-5, but we do not need to consider that point. It is enough to observe that Alkins indisputably did not give Boeing notice of his intention to extend his FMLA leave before he was terminated on February 23, 2017. He did not communicate with Boeing, or even with Reed, at all between January 20 and February 23, 2017, nor did anyone acting on his behalf give notice. When it made the decision to terminate him, all Boeing knew was that Alkins had been required to report for work for the three days leading up to his termination but did not do so, nor did he notify Boeing that he was unable to do so. Boeing even verified with Reed that Alkins had not requested an extension of his FMLA leave, before it sent him a letter of termination. The fact that Reed, unbeknownst to Boeing, approved Alkins's FMLA leave extension several weeks later does not change the fact that, at the time of the adverse employment action, Alkins had not given Boeing notice of his intention to extend his leave. His FMLA interference claim therefore fails.

### B. Retaliation

Alkins also argues that Boeing fired him in retaliation for his taking FMLA leave in January and February of 2017. "To succeed on an FMLA retaliation claim, a plaintiff

5

must show that '(1) [ ]he invoked h[is] right to FMLA-qualifying leave, (2) [ ]he suffered an adverse employment decision, and (3) the adverse action was causally related to h[is] invocation of rights.'" *Ross*, 755 F.3d at 193 (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012)).  If the plaintiff makes a prima facie showing of those factors, the employer must then "articulate some legitimate, nondiscriminatory reason for its decision." *Lichtenstein*, 691 F.3d at 302 (internal quotation marks omitted).  If the employer can do so, the burden then switches back to the plaintiff to "point to some evidence, direct or circumstantial, from which a factfinder could reasonably disbelieve [the employer's] articulated legitimate reasons." *Id.*

Boeing argues that Alkins cannot make a prima facie case of retaliation because he cannot prove that his termination was causally related to the fact that he took FMLA leave.  It maintains that Alkins was fired because he violated the terms of the Last Chance Agreement by incurring more than two attendance infractions before September 2017.  In response, Alkins cites case law saying that a closeness in time between the invocation of FMLA rights and an adverse employment action can create an inference of causation.  *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) ("To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.").  Since summary judgment requires "all reasonable inferences be drawn" in the favor of the non-moving party, Alkins argues that we should draw that inference here.  *Id.* at 270.

Assuming for the sake of argument that Alkins has established a causal connection, it is undisputed that Boeing has provided a legitimate, non-retaliatory reason for terminating him, namely his violation of the Last Chance Agreement. The only evidence Alkins offers to demonstrate pretext is the fact that Reed later approved his FMLA leave extension in March 2017. But the third-party administrator's decision to award Alkins leave after he had already been fired is, at most, a reflection of Alkins's health at the time. It in no way reflects a decision by Boeing to retaliate against Alkins for taking leave, nor does it show that Boeing's reason for firing Alkins was pretextual. That Boeing waited to issue its termination notice until after verifying that Alkins was no longer on leave indicates, if anything, Boeing's willingness to accommodate Alkins's FMLA rights, not an attempt to retaliate against him for exercising them. So, Alkins's retaliation claim also fails.

III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for Boeing.

7